hWALTZER, Judge.
The trial court properly denied Relator’s motion for summary judgment. The parties do not dispute that: (1) Ms. Gillmore purchased insurance from Relator and financed her premiums through Sun Premium Financing, Inc. (“Sun Premium”), (2) Ms. Gillmore gave Sun Premium a power of attorney authorizing Sun Premium to cancel the insurance policy for non-payment of premium, (3) Ms. Gillmore was in fact in default for nonpayment of premium, (4) Sun Premium mailed a notice of cancellation to Ms. Gill-more on October 18, 1994, notifying her that she was in default of the insurance premium contract and that unless she cured the default within ten days, her insurance contract with Southern United Fire Insurance Co., Relator, would be cancelled on October 29, 1994, (5) Sun Premium did not mail a copy of the notice of cancellation to Relator until October 30, 1994, the day Ms. Gillmore’s accident occurred, and (6) Relator did not receive a copy of the notice of cancellation until November 3,1994.
The issue before this Court is whether Sun Premium’s notice of default of the insurance premium contract on October 18, 1994 to Ms. Gillmore effected cancellation of her insurance policy with Relator, even though Relator had not received a copy of said notice. We find that it did not. To find otherwise would allow an insurance company to effect cancellation of an insurance policy before it receives notice of default of the premium finance agreement and a verified statement by the premium finance company that the default has not been cured. Even worse, to find otherwise would enable a premium finance company and an insurance company to conspire and void insurance policies retroactive to an accident. This practice would constitute — at best — bad faith denial of coverage.
I2A5 set forth in La.R.S. 9:3550, Sun Premium was required to send a copy of the notice of cancellation to Relator upon Ms. Gillmore’s default of the insurance premium policy, which Sun Premium failed to do. La. R.S. 9:3550(2) provides that:
Upon default of the insurance premium contract by the debtor, the premium financing company may mail a notice of cancellation to the insured, at his last known address as shown on the records of the insurance premium finance company. A copy of the notice of cancellation of the insurance contract shall also be mailed to the insurance agent negotiating the related insurance contract whose name and place of business appears on the premium finance agreement.
Thus, although Sun Premium mailed a notice of cancellation to Ms. Gillmore on October 18, 1994, Sun Premium failed to satisfy its statutory obligation to mail a copy of the notice of cancellation to Relator.
Furthermore, mere notice of default of the insurance premium contract does not effect cancellation of the insurance policy. Rather, La. R.S. 9:3550(3)(a) requires that:
Ten days after notice of cancellation has been mailed ... if the default has not been cured, the insurance premium finance company may thereafter effect cancellation of such insurance contract or contracts by mailing to the insurer a copy of the notice of cancellation together with a statement certifying that:
(i) The premium finance agreement contains a valid power of attorney as provided in paragraph (1) above;
(ii) The premium finance agreement is in default and the default has not been timely cured;
(iii) Upon default, a notice of cancellation was mailed to the insured as provided in Paragraph (2) above, specifying the date of mailing by the premium finance company to the insured; and
(iv) Copies of the notice of cancellation were mailed to all persons shown by the *364 premium finance agreement to have an interest in any loss which may occur thereunder, specifying the names and addresses of any governmental agencies, mortgagees or third parties to whom the insurance premium finance company has sent notice of cancellation.
13Accordingly, in addition to mailing a copy of the notice of cancellation to Relator upon Ms. Gillmore’s default, Sun Premium was also required to effect cancellation by mailing a copy of the notice of cancellation, together with a statement certifying the above enumerated prerequisites, once Ms. Gillmore’s ten day “grace period” elapsed. Only after Sun Premium satisfies this “dual-notice” requirement and Relator receives a copy of the notice of the cancellation and verification that Ms. Gillmore has not cured the default, may Relator effect cancellation of the insurance policy. La.R.S. 9:3550(3)(b) unambiguously states that, “upon receipt of such notice of cancellation and statement from the premium finance company ... the insurer may proceed to cancel such contract....” Provided these statutory requirements are satisfied, the effective date of cancellation will be retroactive to the time specified in La.R.S. 9:3350(3)(B), i.e., “as of 12:01 a.m. on the tenth day after the date of mailing of [the first required notice].”
Here, Sun Premium did not mail a copy of the notice of cancellation to Relator until October 30, 1994, the day Ms. Gillmore’s accident occurred, and Relator did not receive a copy of the notice of cancellation until November 3, 1994. Because Sun Premium failed to comply with the statutory requirements governing the cancellation of an automobile insurance policy by a premium finance company and because Ms. Gillmore’s accident occurred before Relator’s receipt of Sun Premium’s notice of cancellation and certification, Ms. Gillmore’s insurance policy was still effective at the time of the accident. Accordingly, the trial court did not err in denying Relator’s motion for summary judgment.

WRIT DENIED.